UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANI BOUTROS<br><br>      **Plaintiff,**<br><br>v.<br><br>JAVIER RESTREPO,<br>JD AUTO TRANSPORT, INC.,<br>JOHN DOES 1-10 (names being fictitious, identities presently unknown) and ABC CORP. 1-10 (names being fictitious, identities presently unknown),<br><br>      **Defendants.**<br><br>AMERICAN ALTERNATIVE<br>INSURANCE CORPORATION,<br><br>      **Movant,**<br><br>v.<br><br>HANI BOUTROS,<br><br>      **Respondent.** | Civil Action No. 3:16-CV-01821-MLC-TJB<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

      Before the Court is American Alternative Insurance Corporation's ("AAIC") motion to intervene. (Docket Entry No. 19). AAIC seeks to intervene as defendants on behalf of themselves and join the current defendants: Javier Restrepo, JD Auto Transport, John Does 1-10 and ABC Corp. 1-10 (collectively "Defendants"). Plaintiff Hani Boutros ("Plaintiff") opposes the motion (Docket Entry No. 25). The Court has fully reviewed and considered all arguments

1

made in support of and in opposition to AAIC's motion, and considered the motion without oral argument pursuant to L.Civ.R. 78.1. For the reasons set forth below, AAIC's motion is GRANTED.

## I. Background and Procedural History

The action before the court arises out of an incident on December 4, 2013 at the Adesa Auto Auction in Manville, New Jersey, where Plaintiff claims that Defendant Javier Restrepo ("Defendant Restrepo"), an employee of Defendant JD Auto Transport, Inc., intentionally struck Plaintiff with a motor vehicle. (Docket Entry No. 19 at ¶4-6). As a result of the alleged incident described above, as well as a police investigation and eyewitness statements, Defendant Restrepo was charged with simple assault, for which Defendant Restrepo subsequently pled guilty to an amended charge of disorderly conduct. (Docket Entry No. 19 at ¶7-8).

On December 3, 2015, Plaintiff filed a civil action in the Superior Court of New Jersey, claiming that Defendant Restrepo, an employee of Defendant JD Auto Transport, Inc., operated a motor vehicle owned by Defendant Toyota Motor Finance in a negligent and careless manner, resulting in permanent personal injuries to Plaintiff. On March 31, 2016, Defendants Restrepro and JD Auto Transport, Inc. removed this present action from the Superior Court of New Jersey, Law Division, Middlesex County to the United States District Court for the District of New Jersey (Newark Vicinage).

AAIC issued a commercial auto policy to Defendant JD Auto Transport, Inc., effective from February 12, 2013 to February 12, 2014. (Docket Entry No. 19 at ¶10). The policy issued to Defendant JD Auto Transport, Inc., by AAIC was in effect at the time of the alleged incident leading to the complaint.

## II. Summary of Legal Arguments

AAIC wishes to intervene in the present case "for the purpose of having the conduct of defendant, Javier Restrepo, put before the finder of fact, specifically whether he acted intentionally at the time of the incident giving rise to this action." *Movant's Br. in Supp. of Mot.* at 1. AAIC argues that it is entitled to intervene in the case as a matter of right per Federal Rule of Civil Procedure 24(a)(2), as AAIC "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). AAIC claims to have an unquestionable interest in the litigation, as it is the commercial auto carrier for Defendants Javier Restrepo and JD Auto Transport, Inc., "and may, depending on the facts as found by the jury, be called upon to pay all or part of any judgment entered in favor of plaintiff and against these defendants in this matter." *Id*. at 2. Additionally, AAIC "seeks to have the fact finder consider whether defendant, Javier Restrepo, acted intentionally at the time of the incident giving rise to this action." *Id*. Furthermore, AAIC argues that neither the Plaintiff nor any of the Defendants adequately represent AAIC's interests in this matter. *Id*.

AAIC offers alternative arguments that AAIC is entitled to permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B), which states "on a timely motion, the court may permit anyone to intervene in an action who has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). AAIC contends that "whether there is coverage under the policy for the incident described in plaintiff's Complaint turns on whether [Defendant Javier] Restrepo acted intentionally. Plaintiff has so alleged in his Complaint, the statements of witnesses support that allegation, and Plaintiff has so testified in his

deposition." *Id*. at 3.

Plaintiff has filed opposition to AAIC's motion to intervene. Citing *U.S. v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014), Plaintiff argues that "[b]oth intervention as of right and permissive intervention pursuant to Rule 24 requires the intervening party to demonstrate that none of the existing parties will adequately represent its interests." *Pl.'s Opp*. at 4. Furthermore, Plaintiff references *Brody ex. rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992), which states that inadequate representation can derive from the following possibilities "(1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collision between the representative party and the opposing party, or (3) that the representative party is not diligently prosecuting the suit." Plaintiff notes that AAIC has little evidence supporting the contention that Defendant Restrepo committed an intentional act, noting that Defendant Restrepo denied intentional actions in his interrogatory answers. *Pl.'s Opp* at 4. Moreover, Plaintiff argues that Defendant Restrepo and AAIC have a shared interest in finding there was no liability on the part of Defendant Restrepo. *Id*.

Plaintiff additionally contends that AAIC must file a separate action seeking a declaratory judgment that AAIC is not contractually obligated due to Defendant Restrepo's intentional conduct, rather than intervening in this case, and that it is improper to ask the same jury to decide both the negligence and coverage dispute issues. *Id*. at 6. Plaintiff claims Burd v. Sussex Mut. Ins. Co., 56 N.J. 383 (1970), holds "that the third-party action and coverage issues are not to be comingled before one jury." *Id*. at 6. Plaintiff asserts that the facts alleging an intentional act are less clear in this case compared to Burd, and "the jury trial on the negligence action is unlikely to resolve the *mens rea* issue required for the carrier and insured to resolve the coverage issue. *Id*.

4

at 7. Furthermore, Plaintiff argues addressing coverage issues and the negligence action in the same trial will bring to the jury's attention the presence of insurance coverage, which is "substantially outweighed by the potential for undue prejudice." *Id*. As it would be impossible for the jury to consider both the negligence and coverage dispute actions without the jury being made aware of the presence of insurance coverage, plaintiff contends that joining both actions creates an automatic appeal if the verdict is found for Plaintiff. *Id.*

Plaintiff further argues that he has standing to defend against any declaratory judgment action brought by AAIC to escape coverage and is entitled to attorney's fees if successful in his defense. Plaintiff cites Hanover Ins. Co. v. McKenney, 245 N.J. Super. 282, 284-85, 87 (Law. Div. 1990), which "implicitly [held] that a declaratory judgment action was required to address the coverage issue … [and] that the injured plaintiff may step into the shoes of the insured and defend against the attempted declination of coverage." *Id*. at 8.

Finally, Plaintiff argues that, assuming arguendo that AAIC is entitled to intervene, AAIC's interests only concern liability and AAIC's participation should be as to liability only and AAIC should not be listed as a party to trial. Plaintiff notes that the coverage issue is based on whether defended-insured acted intentionally, and is separate from Plaintiff's damages. *Pl.'s Opp.* at 9. Furthermore, if AAIC's motion to intervene is granted, Plaintiff requests that while AAIC is able to participate in all liability-related discovery requests, AAIC should be precluded from (1) requesting any medical examination, records, or authorization from Plaintiff, and that AAIC is not to be a party at the third-party negligence trial. *Id*.

AAIC replied to Plaintiff's opposition, claiming that AAIC only desires to intervene to "present evidence and request that the jury resolve the factual issue of Defendant Restrepo's *mens rea*", rather than resolving whether coverage is owed. *Movant's Reply* at 2. AAIC contends

5

that their interests are not aligned with Defendant Restrepo, as there is significant evidence that Defendant Restrepo may have acted intentionally when striking Plaintiff with his vehicle, specifically noting the police report and police statement by a third party witness. *Id*. at 2. Considering the considerable allegations that Defendant Restrepo acted intentionally, AAIC can mitigate or eliminate its exposure by (1) "pursuing a finding of no liability or little to no damage to plaintiff"; or (2) "seek to have the jury find that [Defendant] Restrepo acted intentionally, to support a disclaimer of coverage under the intentional act exclusion." *Id*. at 3-4. Furthermore, AAIC notes that their interests will significantly diverge from that of Defendant Restrepo, as he will fail to produce evidence supporting that he acted intentionally, and Plaintiff will likely fail to do so as well, as a finding that Defendant Restrepo engaged in intentional conduct will preclude coverage. *Id*. at 4. Rather, AAIC will seek to produce evidence to find whether Defendant acted negligently or intently. *Id*. Furthermore, AAIC argues that this approach will facilitate judicial economy, as there will only be a separate declaratory judgment action if the jury finds intentional conduct on part of the Defendant. *Id*.

AAIC argues that the Plaintiff has "fundamentally misconstrued" the relief AAIC seeks by concluding that AAIC seeks to have one jury resolve both the insurance coverage and negligence finding disputes. *Movant's Reply* at 5. Rather, AAIC argues it "merely seeks to present evidence and put the question of [Defendant] Restrepo's *mens rea* to the jury." *Id*. Additionally, AAIC disagrees with Plaintiff's reliance on Burd, arguing, (1) "the insurer refused to defend the tort suit in Burd, but here, AAIC is defending under a reservation of rights. Based on the reservation of rights, AAIC is not estopped from arguing that there is no coverage"; and (2) "the legal question of coverage will not be put to the jury here. Rather, the jury's factual determination will form one of the bases of a contemplated declaratory judgment action and will

have *res judicata* effect due to the inclusion of AAIC into the litigation." *Id*. at 5-6. AAIC agrees with Plaintiff that Plaintiff would have standing to contest a declaratory judgment action, but disagrees that language to that effect must be put in an order permitting intervention. *Id*. at 6. Finally, AAIC claims that they have no desire to "separately defend on damages or even to participate in discovery concerning damages." *Id*.

**III. Analysis**

Federal Rule of Civil Procedure 24(a) ("Rule 24(a)") governs requests made to intervene as of right in federal litigation. According to Rule 24(a):

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Third Circuit has held that intervention under Rule 24(a)(2) is only appropriate if:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). Each requirement must be met in order for an applicant to intervene as of right. *Id.* The Court examines each of the four factors in turn.

The Court finds that AAIC's motion to intervene is timely. Plaintiff filed this case in

the Superior Court of New Jersey on December 3, 2015. The case was removed to Federal Court on March 31, 2016. The instant motion was filed on January 18, 2017. When determining if a motion to intervene is timely, "the critical inquiry is: what proceeding of substance on the merits have occurred?" *In re Fine Paper Antitrust Litigation*, 695 F. 2d 494, 500 (3d Cir. 1982) (citing *NAACP v. New York*, 413 U.S. 345, 366 (1973)). The Court notes that no dispositive motions have been filed in this case.

The Court further finds that as AAIC is the commercial auto insurance carrier for Defendant Restrepo and Defendant JD Auto Transport, Inc., wanting to place before the jury the issue of whether Defendant Restrepo intentionally hit Plaintiff with his car is a sufficient reason to intervene.

Additionally, the Court finds that AAIC's interest may be affected by the disposition of the action. AAIC may have to pay a judgment entered in favor of Plaintiff. The determination of whether Defendant Restrepo acted intentionally affects AAIC greatly in that AAIC may not be required to provide insurance coverage if Defendant is found to have acted intentionally.

Finally, when comparing the respective interests of Defendant Restrepo and AAIC, it is clear that AAIC's interests are not adequately represented. The Court disagrees with Plaintiff's statement that "the interests of [D]efendant Restrepo and AAIC are in direct alignment." *Pl.'s Opp*. at 1. AAIC seeks to introduce evidence that Defendant Restrepo acted intentionally. This is the opposite of the kind of evidence that Defendant Restrepo would introduce. Plaintiff stated himself "it is axiomatic that [D]efendant Restrepo would not want to be held liable for an intentional act." [1] *Id*.

---

[1] As the Court finds that AAIC in entitled to intervene under Rule 24(a), it does not analyze whether AAIC would be entitled to intervene under Rule 24(b).

The Court further finds that AAIC is not required to file a separate action seeking a declaratory judgment regarding whether AAIC is contractually obligated. The case that Plaintiff relies on, *Burd v. Sussex Mutual Insurance Co*., 56 N.J. Super 383 (1991) differs from this case. Unlike in *Burd*, where the insurer refused to defend a tort suit, AAIC is defending this suit under a reservation of rights. Furthermore, the legal question of coverage will not be put before the jury here. The Court notes that AAIC has stated that it is only seeking to intervene in order to put the issue of Defendant Restrepo's intent before the jury.

The Court grants Plaintiff's request that AAIC should be limited to engaging in liability discovery only. Therefore, AAIC may participate in all discovery related to liability (i.e. depositions of fact witnesses and exchange of any previous written discovery related to the incident), but is precluded from requesting any information related to damages (i.e. medical examinations of Plaintiff, medical records of Plaintiff, medical authorizations from Plaintiff).[2]

The Court does not, however, grant Plaintiff's request that AAIC be precluded from participating at trial. AAIC's stated purpose for intervening is to put the issue of Defendant Restrepo's intent before the jury which will require AAIC's participation at trial. As the Court has found that intervention is proper, it also finds that AAIC should be permitted to participate at trial.[3]

---

[2] The Court notes that AAIC has stated that is "has no desire to separately defend on damages or even to participate in discovery concerning damages." *Movant's Reply* at 6.

[3] The Court notes that any issues regarding the identity of counsel and the party he represents can be addressed by the trial judge.

**IV. Conclusion**

For the reasons, stated above, AAIC's motion to intervene is GRANTED. An appropriate Order follows.

Dated: May 8, 2017

                                            /s/ Tonianne J. Bongiovanni
                                    **HONORABLE TONIANNE J. BONGIOVANNI**
                                    **UNITED STATES MAGISTRATE JUDGE**